UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



_____

GABRIELLE C.–T.,[1]

      Plaintiff,

      v.                                 23-CV-523 (JLS)

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____

## DECISION AND ORDER

Plaintiff Gabrielle C. –T. brought this action under 42 U.S.C. §§ 405(g) and

1383(c)(3) of the Social Security Act, seeking review of the decision of the

Commissioner of the Social Security Administration that she was not disabled.  Dkt.

1.  Plaintiff moved for judgment on the pleadings.  Dkt. 6–1.  The Commissioner

responded and cross-moved for judgment on the pleadings, to which Plaintiff

replied.  Dkts. 7–1, 9.  For the reasons below, the Court denies Plaintiff's motion

and grants the Commissioner's cross-motion.

_____

[1] Pursuant to the Western District of New York's November 18, 2020 Standing
Order regarding the naming of plaintiffs in Social Security decisions, this decision
and order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

This action originates from Plaintiff's application for Disability Insurance Benefits ("DIB") and her application for Supplemental Security Income ("SSI"), both filed on September 29, 2020.[2]  Tr. 260–73.[3]  Plaintiff's applications were initially denied, and she requested a hearing before an administrative law judge ("ALJ"). Tr. 190–91.  Following the hearing, at which Plaintiff was represented by counsel, ALJ Ifeoma N. Iwuamadi issued a decision finding that Plaintiff was not disabled. Tr. 15–33.  Plaintiff's request for Appeals Council review was denied, after which Plaintiff commenced this action.  Tr. 1–6; Dkt. 1.

## LEGAL STANDARDS

### I.    DISTRICT COURT REVIEW

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied.  *See* 42 U.S.C. § 405(g); *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013).  The Commissioner's factual findings are conclusive

---

[2] Plaintiff applied for both DIB and SSI.  To receive DIB, a claimant must show that he or she became disabled while meeting the Act's insured status requirements.  *See* 42 U.S.C. § 423(d)(1)(A); *Schillo v. Kijakazi*, 31 F.4th 64, 69–70 (2d Cir. 2022).  SSI, on the other hand, "provides benefits to each aged, blind, or disabled individual who does not have an eligible spouse and whose income and resources fall below a certain level." *Clark v. Astrue*, 602 F.3d 140, 142 (2d Cir. 2010) (quoting 42 U.S.C. § 1382(a)) (internal quotation marks omitted).  The Social Security Administration uses the same five-step evaluation process to determine adult eligibility for both programs.  *See* 20 C.F.R. §§ 404.1520(a)(4) (concerning DIB), 416.920(a)(4) (concerning SSI).

[3] The filing at Dkt. 5 is the transcript of the proceedings before the Social Security Administration.  All references to Dkt. 5 are hereby denoted "Tr. __."

when supported by substantial evidence. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).

The Court does not determine *de novo* whether the claimant is disabled, but the Commissioner's conclusions of law are not given the same deferential standard of review. *See Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). If there is a reasonable basis of doubt about whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant will be deprived of the right to have his or her disability determination made according to correct legal principles." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987); *see Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)) (the Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the . . . Act.").

## II.    DISABILITY DETERMINATION

Disability under the Act is determined under a five-step test. *See Bowen v. City of New York*, 476 U.S. 467, 470–71 (1986); 20 C.F.R. §§ 404.1520, 416.920. First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). "Substantial gainful activity" is work activity that involves significant physical or mental

activities and is normally done for pay or profit. 20 C.F.R. §§ 404.1572, 416.972. If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. 20 C.F.R. §§ 404.1520(b), 416.920(b).

Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). Absent such impairment, the claimant may not claim disability. *Id.*

Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 416.920(d). If such criteria are met, then the claimant is declared disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d).

Even if the claimant is not declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). The RFC is a holistic assessment of the claimant's medical impairments, both severe and non-severe, that evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. 20 C.F.R. §§ 404.1545, 416.945.

In the fourth step, the ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is capable of performing past relevant work, then the claimant is not

disabled. 20 C.F.R. §§ 404.1560(b)(3), 416.960(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, the analysis proceeds to the fifth and final step. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with his or her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1560(c), 416.960(c). Here, the burden of proof shifts from the claimant to the Commissioner to prove that a significant number of jobs in the national economy exists that the claimant can perform given his or her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 404.1560(c), 416.920(g), 416.960(c); *see Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

## DISCUSSION

### I.    THE ALJ'S DECISION

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since her alleged onset date on August 16, 2019. Tr. 18. The ALJ also found that Plaintiff suffered from the following severe impairments: Crohn's disease, bilateral venous insufficiency, chronic obstructive pulmonary disease, asthma, migraines, chronic pain syndrome, disorder of the spine, posttraumatic stress disorder, major depressive disorder, generalized anxiety disorder, and cannabis use disorder. *Id.* The ALJ concluded, however, that Plaintiff's severe impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 19–21.

After considering the entire record, the ALJ determined that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with the following limitations:

> [Plaintiff] can climb ramps and stairs occasionally; can never climb ladders, ropes, or scaffolds; can kneel occasionally; can crouch occasionally; can crawl occasionally; can never work at unprotected heights; never work around moving mechanical parts, and never work operating a motor vehicle; must have no concentrated exposure to dust, odors, fumes, and pulmonary irritants; can perform simple work-related decisions; can perform work with occasional contact with supervisors, coworkers[,] and the public; can perform work with occasional changes in a routine work setting.

Tr. 21.

The ALJ found that Plaintiff had no past relevant work. Tr. 31. But the ALJ concluded that Plaintiff was not disabled because her age, education, work experience, and RFC allowed her to perform jobs existing in significant numbers in the national economy. Tr. 32. As such, according to the ALJ, Plaintiff had not been under a disability since her alleged onset date of August 16, 2019. Tr. 33.

## II.    PLAINTIFF'S ARGUMENT

Plaintiff makes two arguments for judgment in her favor. Dkt 6–1, at 1. First, Plaintiff argues that, despite finding the opinions of L. Haus, Psy.D., ("Dr. Haus"), and C. Krist, DO, ("Dr. Krist"), to be persuasive, the ALJ ignored the limitation that she "appears capable of low stress work with low contact with others." Dkt. 6–1, at 9–10.[4] Next, she argues that the ALJ improperly weighed her

_____

[4] Plaintiff's argument notes that the ALJ found the opinions of Dr. Haus and D. Brown, Psy.D., ("Dr. Brown"), to be persuasive, *id.* at 9, however, the ALJ found Dr.

activities of daily living over psychiatric medical opinions that were more limited than the RFC assessed. *Id.* at 12–14.

## III.    ANALYSIS

An ALJ must "weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (summary order); *accord Schillo*, 31 F.4th at 78. But the RFC need not correspond perfectly with "any of the opinions of medical sources cited in [the ALJ's] decision," *Matta*, 508 F. App'x at 56, or even be based on opinion evidence, *see Corbiere v. Berryhill*, 760 F. App'x 54, 56 (2d Cir. 2019) (summary order). As long as the ALJ considers all the medical evidence and appropriately analyzes the medical opinions, an RFC consistent with the record is not erroneous. *See* 20 C.F.R. §§ 404.1545, 416.945; *see also Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (remand is not necessary "[w]here an ALJ's analysis at Step Four regarding a claimant's functional limitations and restrictions affords an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence").

---

Brown's opinion to be partially persuasive. Tr. 29. Rather, the ALJ found the opinions of Dr. Haus and Dr. Krist to be persuasive. *Id.* Thus, because Plaintiff's argument referenced the opinions that the ALJ found persuasive, Dkt. 6–1, at 9, this Court will address the opinions of Dr. Krist and Dr. Haus.

### A. The ALJ's RFC limitations are consistent with the limitations opined by Dr. Krist and Dr. Haus.

Plaintiff argues that despite finding the opinions of Dr. Krist and Dr. Haus persuasive, the ALJ "ignored their conclusions that Plaintiff needed a 'low stress' work environment." Dkt 6–1, at 11. An ALJ's RFC finding need not incorporate every limitation contained in a medical opinion to which the ALJ gave weight. *Phoebe B. v. Comm'r of Soc. Sec.*, 2022 WL 4462228, at *7 (W.D.N.Y. Sep. 26, 2022) (collecting cases). But an ALJ should explain why he or she did not include limitations in the RFC finding. *Linda H. v. Comm'r of Soc. Sec.*, 2021 WL 2075437, at *3 (W.D.N.Y. May 25, 2021).

"Because stress is 'highly individualized,' mentally impaired individuals 'may have difficulty meeting the requirements of even so-called "low stress" jobs,' and the Commissioner must therefore make specific findings about the nature of a claimant's stress, the circumstances that trigger it, and how those factors affect [her] ability to work." *Stadler v. Barnhart,* 464 F. Supp. 2d 183, 188 (W.D.N.Y. 2006) (quoting SSR 85-15, 1985 WL 56857, at *6 (Jan. 1, 1985)). "[E]ven without explicitly referencing a stress limitation, an RFC determination may adequately account for a claimant's stress-related limitations." *Herb v. Comm'r of Soc. Sec.,* 366 F. Supp. 3d 441, 447 (W.D.N.Y. 2019).

Dr. Krist opined that Plaintiff "should have work with low contact, and tasks that are low stress." Tr. 143. Dr. Haus opined that Plaintiff "appears capable of low stress work with low contact with others." Tr. 134. The ALJ found these

opinions persuasive because they were "well-supported and consistent with the substantial evidence of record, including treatment records, demonstrating some anxiety and reactivity to psychological stressors but also indications the claimant is able to care for her infant child, care for pets, go shopping, and spend time with her family, suggesting a meaningful, but not profound, degree of mental limitation, with an adequate capacity for basic mental-work related activities." Tr. 29.

An RFC limiting a plaintiff to occasional interaction with co-workers and the public, and to the performance of simple, routine tasks, may account for a plaintiff's stress-related limitations. *Id.* ("RFC limiting a plaintiff to occasional interaction with co-workers and the public, and to performance of simple, routine tasks, may account for the plaintiff's stress-related limitations.") (collecting cases); *Moxham v. Comm'r of Soc. Sec.,* 2018 WL 1175210, at *10 (N.D.N.Y. Mar. 5, 2018) (limitation to "simple tasks and instructions, decisions on simple work-related matters, and frequent interaction with others" adequately accounted to the plaintiff's stress related limitations).

Here, the ALJ limited Plaintiff to work with occasional interaction with supervisors, coworkers, and the public; performing simple work-related decisions; and work with occasional changes in a routine work setting. Tr. 21. Those limitations adequately align with the opinions of Dr. Krist and Dr. Haus. *Blocker v. Saul,* 2020 WL 1047737, at *6 (W.D.N.Y. Mar. 4, 2020) ("ALJ adequately accounted for [p]laintiff's stress-related limitations by incorporating limitations to simple routine tasks, occasional interaction with coworkers and the general public, and low

stress work defined as work involving only occasional decision making . . .. [S]uch limitations have routinely been found to adequately account for a marked limitation in dealing with stress.") (internal quotation marks and citation omitted); *Martinez v. Comm'r of Soc. Sec.,* 2017 WL 1155778, at *11 (E.D.N.Y. Mar. 27, 2017) (individual limited to "'low stress jobs,' defined as jobs requiring no more than simple work-related decisions with few, if any, workplace changes"); *Evans v. Comm'r of Soc. Sec.,* 110 F. Supp.3d 518, 525 (S.D.N.Y. 2015) (individual limited to "low-stress jobs defined as involving only occasional decision-making and interaction with coworkers, the general public, and supervisors"). So even though the ALJ did not limit Plaintiff to low stress work, the RFC limitations are consistent with the definition of low stress jobs.

## B. The ALJ was permitted to rely on Plaintiff's activities of daily living to discount opinions in the record.

Plaintiff additionally argues that the ALJ impermissibly relied on her activities of daily living to discount the opinions of Todd Deneen, Psy.D., ("Dr. Deneen") and Cynthia McPhaden, a licensed mental health counselor ("Ms. McPhaden"). Dkt. 6–1, at 13–14.

On January 4, 2021, Dr. Deneen completed a psychiatric evaluation, and opined that Plaintiff had no limitations in understanding, remembering, or applying simple and complex directions and instructions; using reason and judgment to make work related decisions; maintain personal hygiene and appropriate attire; and in her awareness of normal hazards and taking appropriate precautions. Tr. 860. Dr.

Deneen additionally opined that Plaintiff had mild limitations in interacting adequately with supervisors, coworkers, and the public; sustaining concentration and performing a task at a consistent pace; and sustaining an ordinary routine and regular attendance at work. *Id.* Lastly, Dr. Deneen found that Plaintiff had moderate limitations in regulating emotions, controlling behavior, and maintaining well-being. *Id.*

The ALJ found Dr. Deneen's opinion partially persuasive, noting that, although his "assessment is somewhat consistent with the overall record in recognizing no marked mental restrictions, it does not adequately account for [Plaintiff's] deficits in some areas, including social interactions, as established by the longitudinal record, including treatment records documenting some anxiety in social setting[s]." Tr. 29. The ALJ additionally noted that "Dr. Deneen's indication of moderate restriction in regulating emotions and maintaining well-being somewhat overstates the degree of limitation established by the record, showing no history of psychiatric hospitalization, no ongoing psychiatric medication management, fair to good judgment, and an ability by [Plaintiff] to care for a young child and seek appropriate treatment for her own conditions." *Id.*

On May 5, 2022, Ms. McPhaden completed a mental RFC questionnaire, and opined that Plaintiff was unable to meet the competitive standards or had no useful ability to function in maintaining regular attendance and being punctual within customary, usually-strict tolerances; work in coordination with or proximity to others without being unduly distracted; make simple work-related decisions;

11

complete a normal workday and workweek without interruptions from psychologically based symptoms; perform at a consistent pace without an unreasonable number and length of rest periods; ask simple questions or request assistance; accept instructions and respond appropriately to criticism from supervisors; get along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes; and deal with normal work stress. Tr. 1781. Ms. McPhaden additionally found that Plaintiff was unable to meet competitive standards in understanding and remembering detailed instructions; carry out detailed instructions; and in dealing with the stress of semiskilled and skilled work. *Id.* at 1782. Lastly, Ms. McPhaden opined that Plaintiff was unable to meet the competitive standards in interacting appropriately with the general public and maintaining socially appropriate behavior; seriously limited in traveling in an unfamiliar place; and had no ability to use public transportation. *Id.*

The ALJ found Ms. McPhaden's opinion to be of limited persuasion, noting that "the rather extreme degree of restriction reflected in her questionnaire is not adequately supported by, or consistent with, the substantial evidence of record, including [her] own mental status exams typically reflecting mood disturbance and some issues with conceptual disorganization and preoccupation with stressors, and partial insight, but also impaired memory, adequate focus, adequate impulse control, as noted above." Tr. 30–31 (citing Tr. 349–805, 1068–1618). The ALJ additionally noted that the "assessed restrictions are also not consistent with [Plaintiff's] ability to seek appropriate care, provide her personal history to

providers, and her own acknowledged reports of daily function to Ms. McPhaden and consultative examiner Dr. Deneen, such as caring for an infant child, doing some shopping, spending time with family members, performing self-care tasks, cooking, cleaning, driving, managing money, and spending time with family." *Id.* at 31 (citing Tr. 349–805, 1068–1618).

In further explaining Plaintiff's RFC, the ALJ noted that, although Plaintiff "receives assistance with some daily activities that require going outside, some of her other acknowledged reports of functioning, including generally being able to perform self-care tasks, doing some cooking and indoor household chores, spending time with family, caring for her daughter and pets, and doing crafts as a hobby suggest a level of functioning that is not inconsistent with the above [RFC]." Tr. 31.

The ability to do routine daily activities, such as Plaintiff's, can support a finding of light work. *See Cichocki,* 566 F.3d 178 (holding that the ALJ properly considered the claimant's reported daily activities, such as walking her dog and cleaning her house, in support of an RFC finding for light work); *Poupore v. Astrue,* 566 F.3d 303, 307 (2d Cir. 2009) (the claimant's varied activities, including occasional vacuuming, washing dishes, driving, and watching television supported an RFC finding for light work); *see Ortiz v. Saul,* 2020 WL 1150213, at *1 (S.D.N.Y. Mar. 10, 2020) ("Plaintiff's ability to perform a range of light chores, including cooking, shopping, cleaning, and laundry . . . support[s] a light work RFC finding."). Additionally, the ALJ was permitted to consider Plaintiff's ability to care for her child in formulating the RFC. *Krull v. Colvin,* 669 F. App'x 31, 32 (2d Cir. 2016)

(ALJ properly considered plaintiff's ability "to engage in complex tasks" such as childcare); *Poupore,* 566 F.3d 307 ("the ALJ correctly noted that Poupore was able to care for his one-year-old child, including changing diapers, that he sometimes vacuumed and washed dishes, that he occasionally drove, and that he watched television, read, and used the computer"). Thus, the ALJ was permitted to consider Plaintiff's activities of daily living alongside the opinions in the record.

In general, a plaintiff's RFC is the most he or she can do despite his or her limitations. 20 C.F.R. § 416.945(a)(1). An RFC finding is administrative in nature, not medical, and its determination is within the province of the ALJ. *Id.* § 416.945(a)(1) ("We will assess your [RFC] based on all the relevance evidence in your case record."); *see id.* § 416.946(c) ("the administrative law judge or the administrative appeals judge at the Appeals Council . . . is responsible for assessing your [RFC]"). Plaintiff cannot merely disagree with the ALJ's weighing of the evidence or argue that evidence in the record could support her position. Plaintiff must show that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in the record. *See Brault v. Soc. Sec. Admin. Comm'r,* 683 F.3d 443, 448 (2d Cir. 2012). Ultimately, it is Plaintiff's burden to prove a more restrictive RFC than the RFC assessed by the ALJ, and Plaintiff fails to do so here. *See Smith v. Berryhill,* 740 F. App'x 721, 726 (2d Cir. 2018).

## CONCLUSION

For these reasons, the Court **GRANTS** the Commissioner's cross motion for judgment on the pleadings (Dkt. 7–1) and **DENIES** Plaintiff's motion for judgment on the pleadings (Dkt. 6–1).  The Clerk of the Court will close this case.


SO ORDERED.


Dated:      December 27, 2024
            Buffalo, New York

                                  _____
                                  JOHN L. SINATRA, JR.
                                  UNITED STATES DISTRICT JUDGE